IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

FEB 1 3 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

CRYSTAL J. ROACH,               )
    Plaintiff,             )
                               )
    v.                      )    No. 1:08cv225
                               )
OPTION ONE MORTGAGE CORP., et al., )
    Defendants.            )

## ORDER

The matter came before the Court on plaintiff's motion for an injunction pending appeal (Docket No. 99).

In this TILA[1] suit, plaintiff, proceeding *pro se*, claims that when she refinanced her home mortgage in January 2005, the lender's agent misled her with respect to the monthly payment amounts she would be required to make pursuant to the adjustable rate mortgage she was assuming. On January 21, 2009, plaintiff's amended complaint was dismissed, with prejudice, as time-barred. *See Roach v. Option One Mortgage Corp.*, No. 1:08cv225, 2009 WL 159704 (E.D. Va. Jan. 21, 2009). On February 6, 2009, plaintiff filed a timely notice of appeal, and she now seeks an injunction preventing defendants from instituting eviction proceedings against her pending resolution of her appeal. In this respect, it is important to observe that although defendant Deutsche Bank Trust Co. ("Deutsche") is now the legal owner[2] of the home at issue in plaintiff's TILA claim, plaintiff has resided in the home since approximately July 2007 without making a single mortgage or rent

---

[1] Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").

[2] The record reflects that Deutsche purchased plaintiff's former residence at a March 28, 2008, public foreclosure sale.

-1-

payment.

As a threshold matter, there is no jurisdiction for the injunction plaintiff seeks here. It is true, of course, that Rule 62(c), Fed. R. Civ. P., authorizes a district court to issue an injunction pending appeal "from an interlocutory order or final judgment *that grants, dissolves, or denies an injunction* . . . ." Rule 62(c) Fed. R. Civ. P. (emphasis added). In this respect, although the dismissal of plaintiff's amended complaint was a final judgment, it did not grant, dissolve, or deny an injunction. Plaintiff did not seek an injunction in her amended complaint, nor did the dismissal of her amended complaint dissolve any existing injunction. Accordingly, Rule 62(c) does not confer jurisdiction for issuance of the injunction sought here.

Even assuming, however, that Rule 62(c) confers jurisdiction for issuance of the injunction sought by plaintiff,[3] it is clear such an injunction is not appropriate here. In this respect, it is well-settled that prior to issuance of an injunction, "the district court must balance the hardships likely to befall the parties if the injunction is, or is not, granted." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 416–17 (4th Cir. 1999) (citing *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 196) (4th Cir. 1977)). Specifically, it is necessary to balance four factors: (1) the likelihood of irreparable harm to the plaintiff if the injunction is denied, (2) the likelihood of harm to the defendant if the injunction is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. *Id.*

---

[3] In this regard, it is worth noting that plaintiff previously filed two motions for a temporary restraining order and preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., to prevent eviction proceedings (Docket Nos. 2, 3, and 85) pending resolution of her TILA claim. Based on defendants' representation that they would not pursue eviction until the resolution of this matter, plaintiff's motions were denied as moot. *See Roach*, No. 1:08cv225 (E.D. Va. May 6, 2008) (Order); *Roach*, No. 1:08cv225 (E.D. Va. Dec. 30, 2008) (Order).

In this case, it is pellucidly clear that these factors, appropriately balanced, do not support issuance of an injunction. First, the potential harm to plaintiff in denying an injunction pending appeal is neither irreparable nor undue. Indeed, the only likely harm to plaintiff is that she will no longer be permitted to live in a residence (i) that she does not own and (ii) in which she has lived for approximately twenty months without making a single payment. Second, with respect to the likelihood of harm to these defendants, it is clear that the injunction plaintiff seeks would deny Deutsche the ability to sell, rent, or otherwise make use of a property it has owned since March 2008. Third, with respect to plaintiff's likelihood of success on the merits, it is important to note that plaintiff made *no argument whatsoever* in this regard in her written motion, nor did she advance any at oral argument; moreover, the record does not suggest that plaintiff's appeal is likely to succeed. And finally, the public interest does not support issuance of an injunction where, as here, plaintiff does not seek to preserve the "status quo" pending appeal, but rather seeks to enjoin the legal owner of property from enjoying the fruits of that ownership.

Accordingly, for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that plaintiff's motion for an injunction pending appeal is **DENIED**.

Should plaintiff wish to appeal, she must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff and all counsel of record.

Alexandria, Virginia
February 13, 2009

T. S. Ellis, III
United States District Judge